Case 2:19-cv-00341   Document 10   Filed on 02/24/20 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RODNEY JOHNSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-341 |
| § | |
| DALE WAINWRIGHT, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE**

Plaintiff Rodney Johnson, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and for the reasons set forth below, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is further recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. Plaintiff was convicted of capital murder in Bell County, Texas, and sentenced to life in prison on March 18, 1997. Plaintiff's allegations arise in connection with his current housing assignment.

Plaintiff, along with inmates Luke Teixeira, and J. L. Cox, filed a joint prisoner civil rights complaint on October 10, 2019. (*Teixiera, et al. v. Wainwright, et al.*, 2:19-CV-303, D.E. 1). The undersigned subsequently directed each plaintiff to file a separate civil rights complaint and a separate application to proceed *in forma pauperis* (IFP). (*Id.*, D.E. 7). On November 12, 2019, Plaintiff filed the instant original complaint along with an application to proceed IFP. (D.E. 1, 2). On November 15, 2019, the undersigned granted Plaintiff's IFP application. (D.E. 6)

In his original complaint, Plaintiff names the following TDCJ officials and entity: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TBCJ); (2) Bryan Collier, TDCJ Executive Director; (3) Lorie Davis, TDCJ Director; (4) David Gutierrez, Presiding Officer of the Texas Board of Pardons and Paroles (Board); and (5) the TDCJ Parole Division. Plaintiff's claims center around his primary complaint that he is required to work without compensation or good-time credits in a manner that amounts to modern-day slavery. Plaintiff seeks declaratory, injunctive, and monetary relief.

A *Spears*[1] hearing was conducted on January 6, 2020. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is 45 years old and in good health. He arrived at the McConnell Unit in August 1998.

Plaintiff works at the garment factory as a sewing machine operator charged with the task of making clothes. Plaintiff has worked at the garment factory for two years. Plaintiff worked as a server in the kitchen for seventeen years before transferring into the garment factory. Plaintiff generally works in the garment factory from 6:00 a.m. to 3:00 p.m. five days a week.

Plaintiff's job in the garment factory consists of making clothes. Plaintiff states that he and other similarly-situated prisoners make these articles of clothing without receiving any compensation, and the clothes are sold at exorbitant prices. In addition to working without compensation, Plaintiff is subjected to a disciplinary proceeding should he fail to meet his quota in making clothes. Plaintiff does not receive any good-time or other credits for his work. Furthermore, if Plaintiff opted not to work at all, he would receive a disciplinary case.

Plaintiff further alleges that, at the time he was sentenced in 1997, Texas law vested him with a right to discretionary mandatory supervision with a protected liberty interest in receiving notification for his review date. Plaintiff challenges the fact he was denied his right to discretionary mandatory supervision.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff names several defendants who he believes have the authority to change the policies regarding the inmates' work environment. Plaintiff claims that Defendants have violated his due process and equal protection rights by: (1) denying his right to an individual treatment program and general rehabilitation; (2) impeding Plaintiff's right to self-expression; and (3) denying property rights to Plaintiff. According to Plaintiff, he and other prisoners have been subjected to slave-like conditions and forced to perform hard labor under constant abuse of prison officials in the form of abusive language, physical abuse, bogus disciplinary hearings, and complete disregard as a human being. Plaintiff claims that the failure to provide him with an individualized treatment plan constitutes deliberate indifference to his serious medical needs.

Plaintiff asserts that Defendants' only concern is profit. While prisoners can receive good time and work time credits for their work, Plaintiff states that prisoners like himself are unable to utilize their credits for any practical purposes.

Plaintiff further claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq* (RLUIPA) that he is forced to work against his religious beliefs upon threats of punishment and verbal harassment. According to Plaintiff, Defendants have failed to provide reasonable accommodations and provide Johnson work and programs that do not violate his religious beliefs.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise

Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Thirteenth Amendment

Plaintiff claims that the policies in place regarding the work environment, as implemented and enforced by Defendants, violate the Thirteenth Amendment prohibition against involuntary servitude. In support of this claim, Plaintiff asserts that he is forced to: (1) work like a slave "at the end of a whip" and without any meaningful compensation; and (2) perform hard labor under constant abuse of prison officials in the form of abusive language, physical abuse, bogus disciplinary hearings, and complete disregard as a human being.

The Fifth Circuit, however, has repeatedly held that Plaintiff's Thirteenth Amendment claim fails to state a claim for relief. *See Villarreal v. Morales,* 370 F.

App'x 542, 543 (5th Cir. 2010) ("The Thirteenth Amendment ... excepts, from the general prohibition, compelled labor as punishment for a crime. That exception applies even where the inmate, as in Villarreal's case, is not sentenced specifically to labor.") (citation omitted); *Smith v. Dretke,* 157 F. App'x 747, 748 (5th Cir. 2005) ("The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor."); *Walton v. Texas Dep't of Criminal Justice, Inst. Div.,* 146 F. App'x 717, 718 (5th Cir. 2005) ("Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor."); *Ali v. Johnson,* 259 F.3d 317, 317 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work.").

Furthermore, to the extent that Plaintiff's Thirteenth Amendment claim is premised on his allegation he is forced to work by the threat of disciplinary proceedings, such claim is similarly without merit. *See Villareal*, 370 F. App'x at 544. Accordingly, the undersigned respectfully recommends that Plaintiff's Thirteenth Amendment claim be dismissed with prejudice for failure to state a claim for relief.

    **B.**    **Due Process**

With respect to his work environment, Plaintiff claims that Defendants have violated his due process rights by: (1) denying his right to an individual treatment program and general rehabilitation; (2) impeding in his right to self-expression; and (3) denying property rights. The Supreme Court has held that due process protections attach only to those punishments that impose an atypical and significant hardship in relation to

ordinary incident of prison life, or to those that extend the length or duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).

While it is understandable Plaintiff feels aggrieved by his work environment, requiring an inmate to work is not an unusual or atypical condition of confinement. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988); *Ibarra v. Fed. Bureau of Prisons*, No. 5:12–CV–139, 2013 WL 6065445, at *3 (N.D. Tex. Nov. 18, 2013). Accepting his allegations as true, Plaintiff alleges no facts to suggest that his work assignment and hours are particularly onerous or dangerous such that they could be viewed as constituting an atypical and significant hardship on him in relation to the ordinary incidents of prison life.

Plaintiff further claims that his due process rights have been violated in that he is unable to accrue meaningful good-time credits through work. Plaintiff alleges that, at the time he was sentenced in 1997, Texas law vested him with a right to discretionary mandatory supervision with a protected liberty interest in receiving notification for his review date. Plaintiff further challenges the fact he was denied his right to discretionary mandatory supervision.

Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). A review of the TDCJ's website reveals that Plaintiff committed his underlying murder offense on November 13, 1996 and was

sentenced to life in prison on March 18, 1997.[2] Pursuant to the law at the time of his murder offense, Plaintiff is not eligible for mandatory supervision. *See* Tex. Code Crim. Proc. Art. 42.18 § 8(c), repealed by Acts 1997, 75th Leg., ch. 165, § 12.22, eff. Sept. 1, 1997, now codified as amended at Tex. Gov't Code § 508.149(a) (providing that an offender convicted of murder is not eligible for mandatory supervision).[3]

No liberty interest exists with respect to earned good-time credits when an inmate is ineligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700. *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits."). Because Plaintiff has no liberty interest in earning or keeping good-time credits accrued during the course of his work, he cannot state a due process claim with respect to the denial of meaningful good-time credits.

Accordingly, the undersigned respectfully recommends that Plaintiff's due process claims be denied with prejudice for failure to state a claim.

### C. Deliberate Indifference

Plaintiff claims that Defendants' failure to change TDCJ policies in order to provide necessary incentives and motivators in the work environment constitutes

---

[2] *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05758746

[3] Under the new statute statutory scheme that went into effect on September 1, 1997, an inmate convicted of murder likewise is not eligible for mandatory supervision. *Hosea v. Davis*, No. H-17-2553, 2018 WL 1353308, at *1 (S.D. Tex. Mar. 14, 2018) (citing Tex. Gov't Code § 508.149(a)).

deliberate indifference to an inmate's ability to rehabilitate and his right to an individual treatment program, in violation of the Eighth Amendment.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). Prison officials are required to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992).

"Deliberate indifference is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). To prove a constitutional violation, an inmate need not show that a death or serious injury already has occurred, but rather that there is a "substantial risk of

serious harm." *Ball v. LeBlanc*, 792 F.3d 584, 593 (5th Cir. 2015) (citing *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004)).

"Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837.

Plaintiff's allegations reflect that: (1) he works at the garment factory as a sewing machine operator charged with the task of making clothes; (2) he has worked at the garment factory for two years; (3) he generally works in the garment factory from 6:00 a.m. to 3:00 p.m. five days a week; and (4) Plaintiff worked as a server in the kitchen for seventeen years before transferring into the garment factory. Plaintiff has made no allegations suggesting that his work assignments are particularly dangerous or that he has ever been denied medical care when needed. Plaintiff testified at the *Spears* hearing that he is currently in good health. Thus, accepting Plaintiff's allegations as true, Plaintiff provides nothing to suggest that he has been exposed to a substantial risk of serious harm in his work environment at the McConnell Unit.

In addition, Plaintiff has cited no authority to suggest that Defendants acted with the requisite deliberate indifference to his health and well-being by failing to change

11 / 16

existing policies and provide certain motivators and monetary incentives to him and his fellow inmates as part of their work assignments. The Fifth Circuit has expressly held that the Eighth Amendment does not require prison officials to provide prisoners with any rehabilitation programs. *See Newman v. State of Alabama*, 559 F.2d 283, 291 (5th Cir. 1977) ("Failure of prison authorities to provide a rehabilitation program, by itself, does not constitute cruel and unusual punishment) (citing *McCray v. Sullivan*, 509 F.2d 1332, 1335 (5th Cir. 1975)), *rev'd in part on other grounds by Alabama v. Pugh*, 438 U.S. 781 (1978). The Fifth Circuit in *Newman* explained that:

> If the State furnishes its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of cruel and unusual punishment, that ends its obligations under Amendment Eight. The Constitution does not require that prisoners, as individuals or as a group, be provided with any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration.

*Newman*, 559 F.2d at 291.

Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate claims be dismissed with prejudice for failure to state a claim for relief.

### D. Equal Protection

With respect to his work environment Plaintiff claims that Defendants have violated his equal protection rights by: (1) denying his right to an individual treatment program and general rehabilitation; (2) impeding Plaintiff's right to self-expression; and (3) denying property rights to Plaintiff. To state an equal protection claim, Plaintiff "must allege ... that he received treatment different from that received by similarly

situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). A plaintiff fails to state an equal protection violation when he "fails to allege any facts showing that [others were] similarly situated." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 414 (5th Cir. 2015).

Plaintiff's allegations of discriminatory treatment are conclusory at best. Plaintiff alleges no facts to indicate that similarly-situated inmates are receiving superior treatment with respect to their particular work environments. Plaintiff's conclusory allegations, therefore, are insufficient to state an equal protection claim. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). *See also See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim). Accordingly, it is respectfully recommended that Plaintiff's equal protection claim be dismissed with prejudice for failure to state a claim for relief.

### E. RLUIPA

Plaintiff claims a RLUIPA violation as he is forced to work against his religious beliefs upon threats of punishment and verbal harassment. The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

The statute also provides for a cause of action for a RLUIPA violation. 42 U.S.C. § 2000cc–2(a).

Under the RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008). Religious exercise is substantially burdened if the burden "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

In this case, Plaintiff asserts that Defendants have failed to provide him work and programs that do not violate his religious beliefs. However, Plaintiff's allegations indicate that he works a normal work week with sufficient free time to practice the tenants of his particular religion. Plaintiff otherwise offers nothing to indicate what his particular religious faith is and how his work obligations have imposed a substantial burden on the practice of his religious faith. Even accepting his allegations as true, they fail to state a RLUIPA claim. Accordingly, the undersigned respectfully recommends that Plaintiff's RLUIPA claim be dismissed with prejudice for failure to state a claim for relief.

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional or RLUIPA claim in this action against Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Finally, it is recommended that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 24th day of February 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).