United States District Court
Southern District of Texas
**ENTERED**
July 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY  JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-341 |
| | § | |
| DALE  WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING IN PART
## MEMORANDUM & RECOMMENDATION

Plaintiff Rodney Johnson, appearing pro se and *in forma pauperis*, is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  He brings a variety of claims against several defendants who are associated with TDCJ-CID.[1] Magistrate Judge Jason Libby conducted a *Spears* hearing,[2] and then screened the complaint pursuant to the Prison Litigation Reform Act.   In his Memorandum and Recommendation (M&R), he recommends that the Court dismiss the complaint for failure to state a claim and that this dismissal be counted as a "strike" under 28 U.S.C. § 1915(g). D.E. 10.

The Court now considers Plaintiff's objections to the M&R (D.E. 12).   For the following reasons, the objections are OVERRULED IN PART and the M&R is ADOPTED IN PART.  The Court REFERS the Religious Land Use and Institutionalized Persons Act

---

[1] Defendants are: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice; (2) Bryan Collier, TDCJ Executive Director; (3) Lorie Davis, TDCJ Director; (4) David Gutierrez, Presiding Officer of the Texas Board of Pardons and Paroles; and (5) the TDCJ Parole Division.

[2] *See generally Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

(RLUIPA) claim to the Magistrate Judge for further consideration.  The complaint is DIMISSED WITH PREJUDICE, except with regard to the RLUIPA claim.

## DISCUSSION

### 1.    The *Spears* Hearing

Plaintiff objects that the Magistrate Judge violated *Spears v. McCotter* by "fail[ing] to allow Plaintiff to articulate his claim" and suggesting that Plaintiff's complaint "raise[d] grave concerns for TDCJ-CID."  D.E. 12, p. 3.  Plaintiff's objection does not indicate what he was prevented from articulating or how he has been prejudiced.  The objection is OVERRULED.

### 2.    Relaxed Pleading Standard for Pro Se Litigants

Plaintiff next objects that the Magistrate Judge failed to liberally interpret his claims under *Haines v. Kerner*, 404 U.S. 519, 521 (1972), which provides a relaxed pleading standard for pro se litigants.  The Court finds no basis to support Plaintiff's general objection.  Thus, it is OVERRULED.

### 3.    Conspiracy Against Rights

The M&R does not specifically address any claim for conspiracy against rights.  But Plaintiff objects that paragraph thirteen of his complaint alleges Defendants conspired to deny him his right to an Individual Treatment Program.  This paragraph, however, only makes a conclusory allegation that Defendants engaged in illegal activity.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It does not allege any facts from which the Court could infer that Defendants are liable.  And, as discussed below, Plaintiff has no constitutional right to a rehabilitation program.  The objection is OVERRULED.

### 4.  The Thirteenth Amendment

Plaintiff brought a claim under the Thirteenth Amendment, alleging his prison work conditions amount to slavery.  The Magistrate Judge recommends dismissing this claim because the Thirteenth Amendment permits involuntary servitude as punishment for crime, a point recognized numerous times by the Fifth Circuit.  Plaintiff objects that certain statutes mandate that prisoners be compensated for their work.[3]  Whether or not any statute mandates compensation, the Thirteenth Amendment does not do so.  To the contrary, it permits involuntary servitude without pay as punishment for a crime.  *Smith v. Dretke*, 157 F. App'x 747, 748 (5th Cir. 2005).  As a result, "inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v. Johnson*, 259 F.3d 317, 317 (5th Cir. 2001).  The objection is OVERRULED.

### 5.  Due Process & Good-Time Credits

Plaintiff brought due process claims, asserting in part that Defendants denied him meaningful good-time credits.  The Magistrate Judge recommends dismissing this claim because inmates have no liberty interest in good-time credits when they are ineligible for mandatory supervision.  Plaintiff was convicted of capital murder on November 13, 1996. This rendered him ineligible for mandatory supervision under the mandatory supervision

---

[3] Plaintiff cites Texas Government Code §§ 493.004 and 497.001, as well as 18 U.S.C. § 1761.  The Court notes that 18 U.S.C. § 1761 does not create a private cause of action and cannot be enforced through 42 U.S.C. § 1983. *McMaster v. Minnesota*, 30 F.3d 976, 981 (8th Cir. 1994).  In a similar vein, neither of the cited state statutes provide for prisoner pay.  *See* Tex. Gov't Code § 493.004 (providing in full that, "The institutional division shall operate and manage the state prison system."), § 497.001 (defining statutory terms).

statute in effect at that time.[4]  Plaintiff makes two objections to this recommendation, which the Court addresses below.

### a.   "Discretionary Mandatory Supervision"

Plaintiff first objects that the Magistrate Judge relied on the wrong statutory language in determining his eligibility for "discretionary mandatory supervision."  Plaintiff appears to believe "discretionary mandatory supervision" is different from mandatory supervision.  This is incorrect.  The Texas legislature amended the mandatory supervision statute in 1995 with H.B. 1433, the last amendment to the statute before Plaintiff committed the crime for which he is currently serving time.

Prison officials have used the term "discretionary mandatory supervision" as a shorthand reference to certain provisions of H.B. 1433.  *See Ex parte Hill*, 208 S.W.3d 462, 464 n.11 (Tex. Crim. App. 2006).  In particular, H.B. 1433 granted parole panels discretion to deny mandatory supervision to otherwise eligible prisoners if they determined that the prisoners' good conduct time did not accurately reflect their potential for rehabilitation and their release would endanger the public.  *See id*.  This legislation did not give parole panels any additional authority to grant mandatory supervision.  It only gave them discretion to deny supervision to otherwise eligible prisoners.

Nomenclature aside, Plaintiff argues there is some unspecified discrepancy between the enrolled version of H.B. 1433 and the version of the statute that the Magistrate Judge considered.  The enrolled version, Plaintiff argues, makes him eligible for mandatory

---

[4] Tex. Code Crim. Proc. Art. 42.18 § 8(c), repealed by Acts 1997, 75th Leg., ch. 165, § 12.22, eff. Sept. 1, 1997, now codified as amended at Tex. Gov't Code § 508.149(a).

supervision and takes precedence over any contrary language in a subsequent printing of the statute.[5]

This argument fails, however, because the enrolled version of H.B. 1433 specifically prohibits prisoners—like Plaintiff—convicted of capital murder from receiving mandatory supervision:

> A prisoner may not be released to mandatory supervision if the prisoner is serving  *or has previously been convicted* [a̶ s̶e̶n̶t̶e̶n̶c̶e̶] for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for *or has previously been convicted of*:
>
> . . .
>
> (2)  a capital felony under Section 19.03, Penal Code (Capital Murder);
>
> . . . .

74th Leg., R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592.

Plaintiff disputes this point, citing an analysis of H.B. 1433 done by the House Research Organization.  D.E. 12, p. 7.  But this analysis does not contradict the language of the enrolled bill.  Plaintiff's objection is OVERRULED.

**b.      Mandatory Supervision & Vagueness**

Plaintiff next objects that Texas's current mandatory supervision statute, Texas Government Code § 508.149, is void for vagueness.  However, the current statute does not govern his eligibility for supervision.  *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim.

---

[5] *See* Tex. Gov't Code § 311.029 ("If the language of the enrolled bill version of a statute conflicts with the language of any subsequent printing or reprinting of the statute, the language of the enrolled bill version controls." ).

App. 1999) (the statute in effect at the time a crime is committed governs eligibility).  And as discussed above, the statute governing this case clearly renders Plaintiff ineligible for mandatory supervision.  The objection is OVERRULED.

6.      **Due Process & Individual Treatment Programs**

Plaintiff brought another due process claim, alleging that Defendants denied him access to an Individual Treatment Program.  The M&R recommends dismissing this claim because Plaintiff has no liberty interest in that program or rehabilitation more broadly. Plaintiff objects that he has a liberty interest because state law mandates that he have access to an Individual Treatment Program.[6]  He cites footnote nine of *Moody v. Daggett*, 429 U.S. 78 (1976), which states in relevant part:

> We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.  In *Meachum v. Fano* . . . no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

Even if state law requires access to an Individual Treatment Program, this language does not, as Plaintiff claims, hold that prisoners are granted a liberty interest in rehabilitation programs.  The Court agrees with the Magistrate Judge that Plaintiff has no liberty interest in a rehabilitation program.  The objection is OVERRULED.

---

[6] Plaintiff cites Texas Government Code §§ 500.004 and 508.152 for this proposition.

7.      **The Eighth Amendment & Deliberate Indifference**

Plaintiff brought a claim for deliberate indifference under the Eighth Amendment, essentially alleging that Defendants have increased violence among inmates by failing to compensate them for their work.  The Magistrate Judge recommends dismissing this claim because Plaintiff has failed to allege that he is at substantial risk of serious harm, or that Defendants acted with deliberate indifference to that risk.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Plaintiff objects that Defendants created a dangerous environment by failing to place inmates in Individual Treatment Programs, failing to award them meaningful good-time credits, and failing to compensate them for their work.  D.E. 12, p. 4.  The failure to compensate creates a "two class system" in which some prisoners have access to funds and commissary items but others do not, thereby fostering jealousy and hostility among them. *Id*.  And, according to Plaintiff, Defendants know that decreasing rates of mandatory supervision and parole increase inmate-on-inmate violence nearly five-fold, a statement allegedly supported by unspecified research from the University of California, Irvine.  *Id*.

These allegations do not allow the Court to infer that Plaintiff is at a substantial risk of serious harm or that Defendants acted with deliberate indifference.  Plaintiff does not allege facts specific to any particular defendant, but only makes generic claims that "Defendants know" that their actions increased prisoner violence.  D.E. 12, p. 4.  The objection is OVERRULED.

**8.      The First Amendment & Free Speech**

The M&R does not address any claims under the Free Speech Clause of the First Amendment.  Nonetheless, construing Plaintiff's objections liberally, he appears to object that Defendants violated his rights under the First Amendment and *Procunier v. Martinez*, 416 U.S. 396 (1974), because he has "a right to want change, and seek for [himself], and [his] yearning for self-respect."  D.E.  12, p. 5.  Prisoners certainly retain their right to free speech to the extent it is consistent with their status as prisoners.  *Prison Legal News v. Livingston*, 683 F.3d 201, 214 (5th Cir. 2012).  Plaintiff's objection, however, does not identify how Defendants violated this right.  The objection is OVERRULED.

**9.      RLUIPA**

Plaintiff brings a claim under RLUIPA, 42 U.S.C. § 2000cc *et seq*., alleging that Defendants are imposing a substantial burden on his religious belief that he should not work without being compensated.  D.E. 1, p. 13.  The Magistrate Judge recommends dismissing this claim because: (1) Plaintiff "offers nothing to indicate what his particular religious faith is and how his work obligations have imposed a substantial burden on the practice of his religious faith" and (2) Plaintiff "works a normal work week with sufficient free time to practice the tenants [sic] of his particular religion."  D.E. 10, p. 14.  Plaintiff objects, explaining that he is an Orthodox Jew and that his religious beliefs prohibit him from working without compensation.

The complaint states Plaintiff has "religious beliefs" that "he not work with being not compensated [sic]."  D.E. 1, p. 13.  He now claims to practice Orthodox Judaism.  D.E. 12, p. 6.  And he appears to seek an injunction requiring Defendants to compensate him for

his work.  D.E. 1, p. 13, 16–17.  The M&R did not address this issue so the Court REFERS this claim to the Magistrate Judge for further consideration.

**10.     State Law Claims**

Plaintiff objects that the M&R failed to address unspecified state law claims that Plaintiff supposedly asserted in his complaint.  While the complaint cites a number of state statutes, it does not state any claim under state law and Plaintiff does not articulate any such claim in his objections.  Rather, the Court considers the cited state statutes only as they are relevant to Plaintiff's federal claims under 42 U.S.C. § 1983.[7]  The objection is OVERRULED.

## CONCLUSION

Plaintiff's objections are OVERRULED IN PART (D.E. 12).  The Court ADOPTS the M&R IN PART, and DISMISSES WITH PREJUDICE the complaint, except with regard to the RLUIPA claim which is REFERRED to the Magistrate Judge for further proceedings.  The Magistrate Judge may also address Plaintiff's motion for leave to amend, D.E. 13.

Signed and Ordered this 30th day of July, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[7]  The due process claim, for example, hinges on whether state law makes Plaintiff eligible for mandatory supervision.