United States District Court
Southern District of Texas
**ENTERED**
September 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY  JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-341 |
| | § | |
| DALE  WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

### AMENDED[1] MEMORANDUM AND RECOMMENDATION TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Rodney Johnson, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action.  Plaintiff's amended complaint is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  For purposes of screening, Plaintiff has stated a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. against **Bryan Collier and Evelyn Castro** in their official capacities only for declaratory and injunctive relief.  The undersigned will retain the RLUIPA claim and order service on these defendants.

---

[1] The Memorandum and Recommendation entered on September 23, 2020 (D.E. 17) recommended Texas Board of Criminal Justice (TBCJ) Chairman Dale Wainwright may be an appropriate defendant for purposes of Plaintiff's claim for injunctive relief.  However, the undersigned has reconsidered and finds that Mr. Wainwright is not an appropriate defendant in this RLUIPA action. Mr. Wainwright is a civilian appointee to the Board which provides oversight to the TDCJ.  Mr. Wainwright is not alleged to have any personal involvement in this case. Further, the TBCJ is an instrumentality of the State and is immune from suit regardless of relief sought.  *Ruiz v. Price*, 84 F. App'x 393, 2003 WL 22975507 (5th Cir. Dec. 16, 2003).  Mr. Wainwright simply should not be burdened with having to file an Answer to this action at this stage of the proceedings. If it is determined that the appropriate defendant has not been served, the undersigned will order an appropriate substitution.  Therefore, it is respectfully recommended that Mr. Wainwright be dismissed from this action.

For the reasons set forth below, the undersigned further recommends that: (1) **Dale Wainwright, Chairman Texas Board of Criminal Justice** be dismissed from this action; (2) **David Gutierrez**, **TDCJ Parole Division**, and the unknown defendants be **DISMISSED** from this action; (3) Plaintiff's RLUIPA claim for monetary damages against all Defendants be **DISMISSED with prejudice**; (4) Plaintiff's constitutional and new state law claims (negligent and intentional infliction of emotional distress,  invasion of privacy, and negligence) be **DISMISSED with prejudice** from this action; and (5) Plaintiff's state law claim under the Texas Religious Freedom Restoration Act (TRFRA) be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas.  Plaintiff's allegations arise in connection with his current housing assignment.  In his original complaint, Plaintiff names the following TDCJ officials and entity: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TBCJ); (2) Bryan Collier, TDCJ Executive Director; (3) Lorie Davis, TDCJ Director; (4) David Gutierrez, Presiding Officer of the Texas Board of Pardons and Paroles (Board); and (5) the TDCJ Parole Division.

Plaintiff's claims center around his primary complaint that he is required to work without compensation or good-time credits in a manner that amounts to modern-day slavery. He further asserts a RLUIPA claim, alleging that he is forced to work against his religious beliefs as an Orthodox Jew. Plaintiff seeks declaratory, injunctive, and monetary relief.

A *Spears*[2] hearing was conducted on January 6, 2020, where Plaintiff was given an opportunity to explain his claims. On February 24, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Plaintiff's complaint be dismissed with prejudice for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 10). Plaintiff subsequently filed objections to the M&R (D.E. 12) and a motion to file an amended complaint (D.E. 13).

By order entered on July 30, 2020, District Judge Nelva Gonzales Ramos overruled Plaintiff's objections in part and adopted the M&R in part. (D.E. 14). Specifically, District Judge Ramos dismissed with prejudice Plaintiff's claims in the complaint except with regard to his RLUIPA claim. (D.E. 14, pp. 8-9). This case was referred to the undersigned for further consideration of Plaintiff's RLUIPA claim as well as Plaintiff's pending motion to file an amended complaint. (D.E. 14, p. 9).

On July 31, 2020, the undersigned granted Plaintiff's motion to file an amended complaint and permitted Plaintiff to file an amended complaint which only raises his RLUIPA claim and states the factual basis in support of his RLUIPA claim. (D.E. 15, pp.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

2-3).  The undersigned further instructed Plaintiff to name only those defendants in his amended complaint who are in the best position to provide him with the injunctive relief requested.  (D.E. 15, p. 3).  The undersigned warned Plaintiff that any claims or allegations raised in support of claims other than his RLUIPA claim would be disregarded.  (D.E. 15, p. 3).

On August 24, 2020, Plaintiff filed his amended complaint, naming the following defendants in their individual and official capacities: (1) Chairman Wainwright; (2) TDCJ Executive Director Collier; (3) Warden Evelyn Castro; and (4) unknown defendants (collectively "Defendants").  (D.E. 16, p. 2).[3]  Plaintiff continues to seek declaratory, injunctive, and monetary relief.  (D.E. 16, pp. 11-12).  Plaintiff alleges the following relevant facts in his amended complaint.

Plaintiff works at the garment factory as a sewing machine operator charged with the task of making clothes.  Plaintiff receives no compensation for his labor and is, therefore, unable to tithe a tenth of his labor.  Plaintiff alleges Defendants' policies, which do not provide compensation for labor, force Plaintiff to choose between activities that violate his religious beliefs as an Orthodox Jew or face either verbal harassment or disciplinary action.  (D.E. 16, p. 4).

Plaintiff states that he has faithfully attended Jewish service for over twenty years, that he is on a quest for "self-realization," and that Defendants' failure to compensate him for his labor prevents him from adhering to the essential tenets of his faith.  (D.E. 16, pp.

---

[3] In the July 30, 2020 Order, as discussed above District Judge Ramos dismissed all claims except with regard to the RLUIPA claim against the defendants named in the original complaint.  (D.E. 14).  Plaintiff does not name David Gutierrez or the TDCJ Parole Division in his amended complaint.  Accordingly, it is respectfully recommended that these two defendants be dismissed from this action.

4-5).  According to Plaintiff, one essential tenet of his religious faith as set forth in the Torah requires that believers be compensated for their labor.  (D.E. 16, p. 5).  Plaintiff cites to the fact that forty-seven states and the District of Columbia have enacted statutes requiring prisoners to be compensated for their labor.

Plaintiff claims that Defendants' actions have imposed a substantial burden on Plaintiff's ability to practice his faith in violation of RLUIPA.  He has endured this impediment for over twenty years, which has prevented his ability to exercise his faith fully.  In addition to RLUIPA, Plaintiff also claims that Defendants' actions violate his rights under the TRFRA.  (D.E. 16, pp. 7-8).  Plaintiff indicates on the first page of his amended complaint that he brings this action to assert deprivations under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments.  (D.E. 16, p. 1).  Lastly, Plaintiff also raises several state law claims consisting of: (1) the negligent and intentional infliction of emotional distress; (2) invasion of privacy; and (3) negligence.  (D.E. 16, pp. 9-11).

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v.*

*Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly,* 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

## IV.    DISCUSSION

### A.    RLUIPA

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). The statute also provides for a cause of action for a RLUIPA violation. 42 U.S.C. § 2000cc–2(a).

Under the RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008). Religious exercise is substantially burdened if the burden "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

Plaintiff claims a RLUIPA violation as he is forced to work against his religious beliefs as an Orthodox Jew or else face threats of disciplinary punishment and verbal harassment. Plaintiff alleges that the Torah requires that believers in the Orthodox faith be compensated for their labor. Because Defendants do not provide for any compensation for Plaintiff's labor, he claims that their actions have imposed a substantial burden on Plaintiff's ability to practice his faith in violation of RLUIPA.

Plaintiff's allegations are sufficient at this stage to warrant further factual and legal development of his RLUIPA claim.  Plaintiff seeks to bring his RLUIPA claim against Defendants in their individual and official capacities.  However, RLUIPA does not permit a claimant to pursue claims against government officials in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir. 2009).  Plaintiff also may not seek monetary relief with respect to his RLUIPA claim.  *Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (holding that, because injunctive or declaratory relief is the only relief a court may grant under RLUIPA, a claimant may not seek monetary damages for his or her RLUIPA claim).

At this early stage in the case, the Court cannot determine which named Defendant in the amended complaint is in the best position to grant him his requested injunctive relief should he prevail in this litigation. Accordingly, the undersigned respectfully recommends that Plaintiff's RLUIPA claim be retained against Defendants Collier and Castro in their official capacities only for declaratory and injunctive relief.  The undersigned respectfully recommends further that Plaintiff's RLUIPA claim against the unknown defendants and his RLUIPA claim for monetary damages against all Defendants be dismissed with prejudice.

### B.    Remaining Claims

In the July 30 Order, District Judge Ramos dismissed with prejudice Plaintiff's various constitutional claims raised under the First, Eight, Thirteenth, and Fourteenth Amendment as well as related state law and conspiracy claims. (D.E. 14).  District Judge Ramos then referred to the undersigned for further consideration of Plaintiff's RLUIPA

claim.  (D.E. 14, p. 9).  The undersigned subsequently directed Plaintiff to file an amended complaint which only raises his RLUIPA claim and states the factual basis in support of his RLUIPA claim.  (D.E. 15, pp. 2-3).

In Plaintiff's amended complaint, he attempts to resurrect constitutional claims previously dismissed as well as add new state law claims for 1) the negligent and intentional infliction of emotional distress; (2) invasion of privacy; and (3) negligence. (D.E. 16, pp. 9-11).  Plaintiff was warned that any claims or allegations raised in his amended complaint in support of claims other than his RLUIPA claim would be disregarded.  (D.E. 15, p. 3).  Accordingly, to the extent that Plaintiff seeks to raise constitutional and state law claims separate from his RLUIPA claim, it is respectfully recommended that such claims be dismissed with prejudice.

Plaintiff also seeks to raise a state law claim under the TRFRA, which is the Texas counterpart to RLUIPA.  *See Walker v. Watkins*, No. 4:17-CV-3560, 2018 WL 6046328, at *2 (S.D. Tex. Nov. 19, 2018) (citing *Balawajder v. Texas Dep't of Criminal Justice*, 217 S.W.3d 20, 26 (Tex. App.[Houston -1st Dist.] 2006)).  "[T]he TRFRA ... provides that 'a government agency may not substantially burden a person's free exercise of religion' unless the burden is in 'furtherance of a compelling governmental interest' and is 'the least restrictive means of furthering that interest.'" *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582–83 (5th Cir. 2013) (quoting Tex. Civ. Prac. & Rem. Code § 110.003).

Available remedies under the TRFRA include declaratory, injunctive, and limited monetary relief.  *See Walters v. Livingston*, 514 S.W. 3d 763, 764-65 (Tex. App. [Austin

-3rd Dist.] 2016) (citing Tex. Civ. Prac. & Rem. Code § 110.005).  Furthermore, "TRFRA provides that a cause of action for damages or declaratory or injunctive relief must be brought against the defendant in the defendant's official capacity and not in his individual capacity."  *Wagner v. Texas Department of Criminal Justice*, No. 1:15-CV-177, 2018 WL 7133701, at * (N.D. Tex. Oct. 16, 2018) (citing Tex. Civ. Prac. & Rem. Code § 110.005(d)).

Plaintiff's TRFRA claim is barred by the Eleventh Amendment.  This amendment bars suit in federal court against a state, or one of its agencies and department, regardless of the nature of relief requested.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).   "Because a suit seeking relief under the TRFRA must be brought against the individual in his official capacity, the State of Texas is the real party in interest."  *Wagner*, 2018 WL 7133701, at *2 (citing *Pennhurst*, 465 U.S. at 101-02, 120-21).  A federal suit against state officials based on state law contravenes the Eleventh Amendment and cannot be the basis on which the federal court enters either an injunction or award of money  damages against a state.  *Id.* (citing *Sossamon*, 560 F.3d at 322 n.5). According, even if the Court were to determine that Plaintiff properly brought a state law TRFRA claim in his amended complaint, such claim should be dismissed for lack of subject matter jurisdiction.  *See McKennie v. Texas Dep't of Crim. Justice*, No. A-09-ca-906, 2011 WL 13237553, at *3 (W.D. Tex. May 24, 2011) (dismissing inmate's TRFRA claims for lack of jurisdiction).

## V.    CONCLUSION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a RLUIPA claim against **Bryan Collier and Evelyn Castro** in their official capacities only for declaratory and injunctive relief.  Accordingly, it is respectfully recommended that this claim be **RETAINED.**  The undersigned will order service as to **Bryan Collier and Evelyn Castro** by separate order.

The undersigned further respectfully recommends that: (1) **Dale Wainwright, Chairman Texas Board of Criminal Justice** be dismissed from this action; (2) **David Gutierrez**, **TDCJ Parole Division**, and the unknown defendants be **DISMISSED** from this action; (3) Plaintiff's RLUIPA claim for monetary damages against all Defendants be **DISMISSED with prejudice**; (4) Plaintiff's constitutional and new state law claims (negligent and intentional infliction of emotional distress,  invasion of privacy, and negligence) be **DISMISSED with prejudice** from this action; and (5) Plaintiff's state law claim under the Texas Religious Freedom Restoration Act (TRFRA) be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.

Respectfully submitted this 23rd day of September 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).