Case 2:19-cv-00341   Document 28   Filed on 01/25/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-341 |
| | § | |
| DALE WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DENY DEFENDANTS' MOTION TO DISMISS

Plaintiff Rodney Johnson, an inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action. As part of this action, Plaintiff raises a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. Pending before the Court is a Motion to Dismiss filed by Defendants Bryan Collier and Evelyn Castro. (D.E. 25). For the reasons stated herein, it is respectfully recommended that the Court deny this motion.

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. Plaintiff's allegations arise in connection with his current housing assignment.

In his original complaint, Plaintiff named the following TDCJ officials and entity: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TBCJ); (2) Bryan Collier, TDCJ Executive Director; (3) Lorie Davis, TDCJ Director; (4) David Gutierrez, Presiding Officer of the Texas Board of Pardons and Paroles (Board); and (5) the TDCJ Parole Division. Plaintiff claimed that he was required to work without compensation or good-time credits in a manner that amounted to modern-day slavery. He further asserted a RLUIPA claim, alleging that he was forced to work against his religious beliefs as an Orthodox Jew. Plaintiff sought declaratory, injunctive, and monetary relief.

The undersigned conducted a *Spears*[1] hearing on January 6, 2020. On February 24, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Plaintiff's complaint be dismissed with prejudice for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 10). Plaintiff subsequently filed objections to the M&R (D.E. 12) and a motion to file an amended complaint (D.E. 13).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

By Order entered on July 30, 2020, District Judge Nelva Gonzales Ramos overruled Plaintiff's objections in part and adopted the M&R in part. (D.E. 14). Specifically, District Judge Ramos dismissed with prejudice Plaintiff's claims in the complaint except with regard to his RLUIPA claim. (D.E. 14, pp. 8-9). This case was referred to the undersigned for further consideration of Plaintiff's RLUIPA claim as well as Plaintiff's pending motion to file an amended complaint. (D.E. 14, p. 9).

On July 31, 2020, the undersigned granted Plaintiff's motion to file an amended complaint and permitted Plaintiff to file an amended complaint which only raises his RLUIPA claim and states the factual basis in support of his RLUIPA claim. (D.E. 15, pp. 2-3). The undersigned further instructed Plaintiff to name only those defendants in his amended complaint who are in the best position to provide him with the injunctive relief requested. (D.E. 15, p. 3). The undersigned warned Plaintiff that any claims or allegations raised in support of claims other than his RLUIPA claim would be disregarded. (D.E. 15, p. 3).

On August 24, 2020, Plaintiff filed his amended complaint, naming the following defendants in their individual and official capacities: (1) Chairman Wainwright; (2) TDCJ Executive Director Collier; (3) Warden Evelyn Castro; and (4) unknown defendants. (D.E. 16, p. 2). Plaintiff asserted several claims in addition to his RLUIPA claim. Plaintiff continued to seek declaratory, injunctive, and monetary relief. (D.E. 16, pp. 11-12).

In an Amended Memorandum and Recommendation (AM&R) issued on September 23, 2020, the undersigned recommended that: (1) Plaintiff's RLUIPA claim

be retained against Bryan Collier and Evelyn Castro in their officials capacities only for declaratory and injunctive relief; (2) Dale Wainwright, Chairman Texas Board of Criminal Justice be dismissed from this action; (2) David Gutierrez, TDCJ Parole Division, and the unknown defendants be dismissed from this action; (3) Plaintiff's RLUIPA claim for monetary damages against all Defendants be dismissed with prejudice; (4) Plaintiff's constitutional and new state law claims (negligent and intentional infliction of emotional distress, invasion of privacy, and negligence) be dismissed with prejudiced from this action; and (5) Plaintiff's state law claim under the Texas Religious Freedom Restoration Act (TRFRA) be dismissed with prejudice as frivolous and/or for failure to state a claim for relief. (D.E. 18). The undersigned ordered service of Plaintiff's complaint and amended complaint on TDCJ Executive Director Collier and Warden Castro (collectively "Defendants"). (D.E. 20).

On November 2, 2020, District Judge Ramos adopted the AM&R. (D.E. 23). On October 26, 2020, Defendants filed a Motion to Dismiss. (D.E. 25). Plaintiff subsequently filed his response to the motion. (D.E. 26).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleged the following relevant facts with respect to his RLUIPA claim. Plaintiff works at the garment factory as a sewing machine operator charged with the task of making clothes. Plaintiff receives no compensation for his labor and is, therefore, unable to tithe a tenth of his labor. Plaintiff alleges Defendants' policies, which do not provide compensation for labor, force Plaintiff to choose between activities that violate

his religious beliefs as an Orthodox Jew or face either verbal harassment or disciplinary action. (D.E. 16, p. 4).

Plaintiff states that he has faithfully attended Jewish service for over twenty years, that he is on a quest for "self-realization," and that Defendants' failure to compensate him for his labor prevents him from adhering to the essential tenets of his faith. (D.E. 16, pp. 4-5). According to Plaintiff, one essential tenet of his religious faith as set forth in the Torah requires that believers be compensated for their labor. (D.E. 16, p. 5). Plaintiff cites to the fact that forty-seven states and the District of Columbia have enacted statutes requiring prisoners to be compensated for their labor. (D.E. 16, p. 5). Plaintiff asserts that Defendants' actions have imposed a substantial burden on Plaintiff's ability to practice his faith in violation of RLUIPA. He has endured this impediment for over twenty years, which has prevented his ability to exercise his faith fully.

## IV.  LEGAL STANDARD

Defendants move to dismiss Plaintiff's RLUIPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 25). This rule provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V. DISCUSSION

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). The statute also provides for a cause of action for a RLUIPA violation. 42 U.S.C. § 2000cc–2(a).

Under the RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008). Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

### A. Sincerely-Held Religious Belief

Plaintiff has the initial burden of showing the sincerity of his religious beliefs. *See Moussazadeh v. Tex. Dept. of Criminal Justice,* 703 F.3d 781, 790-92 (5th Cir. 2012). The specific religious practice must be examined rather than the general scope of applicable religious tenets, and the plaintiff's sincerity in espousing that practice is largely a matter of individual credibility. *Id.* at 792. The sincerity of a plaintiff's engagement in a particular religious practice is rarely challenged. *Id.* at 791. As *Moussazadeh* explains, "[t]hough the sincerity inquiry is important, it must be handled with a light touch, or 'judicial shyness.'" *Id.* at 792 (quoting *A.A. ex rel. Betenbaugh v. Needville Indep. School Dist.,* 611 F.3d 248, 262 (5th Cir. 2010)).

Defendants contend in their Motion to Dismiss that his request for work compensation is not based on a sincerely-based belief. (D.E. 25, p. 6). Plaintiff alleges in his amended complaint that he has faithfully attended Jewish service for over twenty years, that he is on a quest for "self-realization," that Defendants' failure to compensate him for his labor prevents him from adhering to one essential tenet set forth in the Torah requiring believers to be compensated for their labor. (D.E. 16, pp. 4-5). The undersigned finds that Plaintiff's allegations, accepted as true, adequately show the sincerity of his beliefs.

### B. Substantial Burden on Plaintiff's Religious Exercise

Under RLUIPA, Plaintiff must show that a government practice imposes a "substantial burden" on his religious exercise, which requires the Court to determine: (1) whether the burdened activity is "religious exercise," and if so, (2) is the burden

"substantial"? *Adkins v. Kaspar,* 393 F.3d 559, 567 (5th Cir. 2004). RLUIPA defines "religious exercise" to include "any exercise of religion," whether or not compelled by, or central to, a system of religious beliefs." *Id.*; 42 U.S.C. § 2000cc–5(7)(A).

A government action, practice, or regulation creates a substantial burden on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violates his religious beliefs. *Adkins,* 393 F.3d at 570. Whether or not the challenged government action, practice, or regulation imposes a substantial burden on the complainant's exercise of the religious belief in question requires a case by case, fact-specific inquiry. *Mayfield*, 529 F.3d at 613; *Adkins*, 393 F.3d at 570.

Defendants first contend that, because Plaintiff has made no attempt to show how his belief to be paid for labor is important to his Jewish faith, he cannot claim that the receipt of money is a "religious exercise." (D.E. 25, p. 9). Plaintiff responds that his receipt of money for his labor is an important tenet of his faith, which allows him to make proper tithes to God under his faith. (D.E. 26, p. 7). At this early stage in the litigation, the undersigned finds that Plaintiff's allegations are sufficient to show that Plaintiff is engaging in a "religious exercise."

Defendants next contend that Plaintiff cannot show a substantial burden on his religious exercise because: (1) his religious beliefs do not obligate him to tithe; (2) he cannot point to a specific TDCJ policy or practice that directly prohibits tithing; and (3) his inability to tithe merely prevents him from enjoying some benefit that is not otherwise generally available. (D.E. 25, pp. 9-11). Plaintiff generally responds that Defendants'

practices and policies substantially burden the exercise of his religious faith. (D.E. 26, pp. 7-8).

A governmental action or regulation does not rise to the level of a substantial burden on religious freedom if it "merely prevents the adherent from enjoying some benefit that is not generally available." *Adkins*, 393 F.3d at 570. Plaintiff alleges, however, that forty-seven states and the District of Columbia have enacted statutes requiring prisoners to be compensated for their labor. (D.E. 16, p. 5). This allegation, accepted as true, suggests that compensation for labor may in fact be available to inmates incarcerated elsewhere.

As discussed above, courts must undertake a case by case, fact-specific inquiry into whether a governmental policy or practice places a substantial burden on an inmate's exercise of his religious belief. *Mayfield*, 529 F.3d at 613. Plaintiff alleges in his amended complaint that Defendants have denied him for many years compensation for labor performed, that the Torah requires believers in the Jewish Orthodox faith to be compensated for their labor, and that Plaintiff tithe tenth percent of his compensation for such labor. (D.E. 16, p. 5). With the mandated case-by-case factual inquiry in mind, the undersigned finds Plaintiff's allegations adequately state whether a government policy and/or practice substantially burdens his exercise of his faith.

In sum, because Plaintiff has alleged sufficient facts to state a plausible RLUIPA claim, Defendants' Motion to Dismiss (D.E. 25) should be denied.

## VI. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss (D.E. 25) be **DENIED** in all respects.

Respectfully submitted this 25th day of January 2021.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).