United States District Court
Southern District of Texas
**ENTERED**
June 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RODNEY JOHNSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-341 |
| § | |
| DALE WAINWRIGHT, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 25). On January 25, 2021, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 28), recommending that Defendants' motion be denied. Defendants timely filed their objections (D.E. 29) on February 8, 2021. Plaintiff filed his response (D.E. 31) on March 3, 2021.

As a preliminary matter, the Court observes that this case has already been presented for screening under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A (PLRA). At that time, the Court determined that Plaintiff had adequately pled a claim for relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. against Defendants Bryan Collier and Evelyn Castro in their official capacities. D.E. 18, 23. However, PLRA screening is "separate and distinct" from consideration of a Rule 12(b)(6) motion. *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618–19 (5th Cir. 1992). While they have the same

goals and a considerable overlap of standards, a decision under one does not dictate the decision under the other. *Id*.

The court's review of objections to a magistrate judge's recommendation on a dispositive matter is de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521. Under the Rule 12(b)(6) standard, the court accepts the well-pleaded facts alleged in the complaint as true and construes the allegations in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). The court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Id*.

Defendants raise three objections, asserting that the Magistrate Judge erred: (1) in failing to consider Plaintiff's *Spears* hearing testimony and finding it contrary to his allegations of a sincerely held religious belief; (2) in holding that the receipt of money could be a religious exercise; and (3) in holding that Plaintiff sufficiently pled a substantial burden on his exercise of religion.[1] The Court considers each, in turn.

***Spears* Testimony**. Defendants argue that Plaintiff contradicted his claims in the course of his *Spears* hearing by stating that, at a "basic level," he wanted to be compensated for his labor. Defendants represent that this testimony necessarily contradicted Plaintiff's claim to any sincerely held religious belief. Construing the

---

[1] Defendants also included in their objections to the M&R a separate objection to the Magistrate Judge's Order (D.E. 27), directing them to file answers before their motion to dismiss is disposed of by this Court. While the objections to the M&R have been pending, the Magistrate Judge vacated the Order (D.E. 27). D.E. 32. Therefore, that objection is OVERRULED as moot.

statements in Plaintiff's favor, as required by the standard of review, it is clear that the premise for Plaintiff's request for compensation is so that he will have funds from which to tithe. Statements reflecting that he seeks compensation are consistent with his claim that he needs to be able to tithe as a religious exercise. The statements do not contradict his cause of action.

Plaintiff also stated that, in the alternative, he sought good time credits as compensation for his work. As Defendants suggest, good time credits are not the type of compensation that can be tithed. However, even if the inclusion of a request for good time credits does not support his RLUIPA claim, it does not necessarily defeat it. Inconsistent claims may be stated in the alternative. Fed. R. Civ. P. 8(a)(3).

Plaintiff has further argued that his amended complaint was filed after the *Spears* hearing, rendering his prior explanation of his claim nonbinding. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). His amended complaint seeks "compensation" or "value" for his labor, with no request for good time credits.[2] D.E. 16, pp. 11-12.

Defendants have not demonstrated that Plaintiff's desire to be compensated for his work defeats his claim to a sincerely held religious belief that he must tithe. The Court **OVERRULES** the first objection.

---

[2] Plaintiff's apparent reference to good time credits in his amended complaint is limited to an assertion that the award of good time credits to a particular class of prisoners as compensation for their labor shows a violation of equal protection. D.E. 16, p. 6. That claim is not relevant here.

**Money as a Religious Exercise**.   Defendants object to qualifying the receipt of money for Plaintiff's labor as a religious exercise.  They argue that it is neither a belief nor a physical act of worship, two types of religious exercise that have been associated with RLUIPA.  *See Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005).  First, the types of religious exercise noted in *Cutter* are not set out as exclusive categories.  They are termed as what a religious exercise "often involves."  *Id*.

Second, tithing has been treated as a religious exercise.  *See In re McLeroy*, 250 B.R. 872, 883 (N.D. Tex. 2000) (holding that bankruptcy provisions governing the debtor's income and allowable expenses properly prevailed over the debtor's interest in tithing as a religious exercise); *Waguespack v. Rodriguez*, 220 B.R. 31, 34 (W.D. La. 1998) (same).  This is a principle that Defendants do not refute.  D.E. 29, p. 4 ("to the extent the religious exercise at issue is tithing").

Here, Defendants' rules and regulations comprehensively govern Plaintiff's use of his time and labor and his ability to earn an income.  Those are arguably the only tools available to Plaintiff to allow him to tithe.  Thus, the Court reads Plaintiff's pleading—at the Rule 12(b)(6) stage of proceedings—not as treating the receipt of money as a religious exercise, but as recognizing tithing as a religious exercise.  And Defendants control that religious exercise by requiring Plaintiff to work while depriving him of compensation for his labor.

The Court **OVERRULES** the second objection.

**Substantial Burden**.  Defendants offer three challenges to the M&R's finding that Plaintiff has pled a substantial burden.  Each fails at the pleading stage.

First, they suggest that tithing is not impaired when Plaintiff is not compensated because ten percent of zero is zero. This contention is predicated on Defendants' reading of Plaintiff's complaint as asserting a religious exercise of tithing one-tenth of his "earnings." D.E. 29, p. 5. However, Plaintiff's complaint asserts that his religion requires that he tithe one-tenth of his "labor." D.E. 16, p. 3. While that is normally accomplished by one-tenth of a person's income, that measure represents an incomplete analysis when time, labor, and income are all controlled by Defendants. The Court rejects the first argument.

Second, Defendants argue that there is no specific policy or practice that prohibits tithing, suggesting that such a direct, targeted burden is required in order to state a claim. D.E. 29, p. 5 (citing *Garrett v. Stephens*, 675 Fed. App'x 444, 446 (5th Cir. 2017)). *Garrett* did not require a **direct** policy burdening a religious exercise to support a RLUIPA claim—such as a prohibition on tithing. Instead, the Fifth Circuit held in *Garrett* that because a temporary burden occurred as the result of a one-time investigation of an alleged state law violation, the claim was not actionable. No permanent policy of any kind was implicated in *Garrett*, unlike here, where permanent policies allow Defendants to control all of Plaintiff's time, labor, and compensation. So while they may not target tithing as a direct policy matter, Plaintiff has sufficiently pled that they prohibit it by practice or, indirectly, by a burdensome policy or set of policies. The Court rejects the second argument.

Third, Defendants assert that Plaintiff cannot show a burden where the complained-of policy or practice only prevents him from enjoying a benefit that is not

otherwise generally available.  This argument fails to appreciate the structure of the Fifth Circuit's definition of a substantial burden.  It wrote:

> a government action or regulation creates a "substantial burden" on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs. And, in line with the foregoing teachings of the Supreme Court, the effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, *or* (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following his religious beliefs.

*Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004) (emphasis added).

In the context of that definition, a "generally available, non-trivial benefit" comes into play only if the burden arises out of a choice that the plaintiff is afforded.  Here, Plaintiff has no choice.  His burden falls under the first of the two options—where the prison policies influence him to violate his religious beliefs.  Where Plaintiff has no choice in the matter, he is certainly influenced into a religious violation.  Thus Plaintiff has pled a substantial burden.

Assuming arguendo that the second option were the deciding element of demonstrating a substantial burden, Defendants' challenge is based on the Magistrate Judge crediting Plaintiff's allegation that 47 states pay their prisoners for the work they are compelled to perform.  Defendants suggest that this benefit is not "otherwise generally available" because Plaintiff is not incarcerated in any of those 47 states.  However, Defendants have not provided any authority that confines the analysis of generally available benefits to the state prison system in which Plaintiff is incarcerated or

that the denial of such benefits that are available in other states is appropriate. The Court therefore rejects this argument for insufficient briefing.

The Court **OVERRULES** the third objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendants' motion to dismiss (D.E. 25) is **DENIED**.

ORDERED this 17th day of June, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE